**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 5, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff–Appellee,

v.

TROY JOHN GARCIA,

    Defendant–Appellant.

No. 13-1020
(D.C. No. 1:09-CR-00535-WYD-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Troy John Garcia appeals his eighteen-month sentence, claiming it is substantively unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In July 2007, Garcia was convicted in the United States District Court for the Western District of Texas of conspiring to import marijuana. He was sentenced to thirty-three months' imprisonment followed by three years of supervised release.

Garcia began his first term of supervised release in March 2009 in Colorado. His case was subsequently transferred to the District of Colorado. In March 2010, after failing to provide fourteen urine specimens and breathalyzer tests and testing positive for amphetamines/methamphetamine, Garcia's supervised release was modified to require placement in a residential reentry center ("RRC") for up to 180 days. In October 2010, the district court issued an arrest warrant based on further violations of Garcia's supervised release. Garcia had tested positive for methamphetamine three times, failed to participate in required drug testing, and failed to report for substance abuse treatment. After being arrested, Garcia was released on bond and his revocation proceedings were continued; he was eventually allowed to reside outside the RRC.

In August 2011, the district court revoked Garcia's supervised release due to his past violations as well as new violations that had occurred while Garcia was released on bond. The court sentenced Garcia to eight months' imprisonment followed by twenty-eight months of supervised release. During this second term of supervised release, Garcia tested positive for methamphetamine, admitted to using methamphetamine on another occasion, failed to submit four monthly reports, did not provide urine samples on ten occasions, and failed to attend eleven substance abuse treatment sessions.

After being arrested and released, Garcia again violated the terms of his bond, this time by failing to attend substance abuse counseling, testing positive for methamphetamine, and failing to submit two urine samples. The government filed a motion to revoke Garcia's bond. After a January 2013 hearing, the court found that Garcia had violated the conditions of his supervised release and sentenced Garcia to eighteen months' imprisonment. Garcia appeals.

## II

On appeal, Garcia argues that his sentence is substantively unreasonable. We review the substantive reasonableness of a sentence for abuse of discretion. See United States v. Montgomery, 550 F.3d 1229, 1233 (10th Cir. 2008). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Friedman, 554 F.3d 1301, 1307 (10th Cir. 2009) (quotation omitted). "If the district court correctly calculates the Guidelines range based upon the facts and imposes [a] sentence within that range, the sentence is entitled to a presumption of reasonableness." United States v. Sutton, 520 F.3d 1259, 1262 (10th Cir. 2008).

Garcia contends that the district court erred in determining that addiction played no role in his violations of supervised release. But in considering the level of Garcia's addiction, the court stated:

> Mr. Garcia, I don't know what your problem is. . . . I think you have the ability to do what you need to to comply with supervision, but you have

> chosen not to. . . . I don't think it's based on your addiction. If you have only used drugs twice, by your own admission, in almost the last year, you – you may or may not be an addict. I don't know. I don't know what your frequency of use is.

The court expressed bafflement at Garcia's inability to avoid methamphetamine use when he was "bored and sad" during his terms of supervised release and at his failure to show up for his treatment and testing sessions. As the court stated, "I have no idea how severe his addiction is, but there are other addicted people I have dealt with, who have taken some strides to address their addiction . . . . I don't know how I can do what I'm supposed to do, unless I give him some punishment for what he has done." Rather than ignoring that Garcia was a methamphetamine addict, the court simply took into account his lack of responsibility in dealing with his addiction when sentencing him. See 18 U.S.C. § 3553(a)(1) (sentencing court shall consider "the nature and circumstances of the offense," among other factors).

Garcia also argues that the district court should not have made a generalized determination that illegal drug use poses societal danger because § 3553(a) requires an assessment of the individual danger posed by Garcia himself. See § 3553(a)(2)(C) (sentencing court shall consider the need for the sentence "to protect the public from further crimes of the defendant"). The district court did state generally that "public safety and public health are implicated when anybody, particularly someone who is under supervision, uses controlled substances or illegal drugs[,]" but did so in the context of Garcia's danger to the public as someone who had done those very things. We do not see

error in the district court's analysis.

Finally, Garcia contends that the district court did not give sufficient weight to the Guidelines recommendation. There is no dispute that the court correctly calculated the applicable Guidelines range of four to ten months under the relevant policy statements. Although the court stated that it was not sure what § 3553(a)(4)(B) "means," the court clearly considered the policy statements that recommended a sentence of four to ten months. See § 3553(a)(4)(B) (requiring consideration of Sentencing Commission's applicable guidelines and policy statements in imposing sentence for supervised release violation). The court imposed a higher sentence because it believed a sentence within the Guidelines range would have little to no effect given Garcia's repeated non-compliance with the terms of his supervised release: "[E]ven if addiction is at the root of this problem, when I sentenced him to eight months, and then he got out of jail, and then within six months of the new period of supervise release we have all of these violations, it suggests to me that leniency isn't working, and that a heavy hammer is warranted."

We conclude the district court acted within its discretion in "reluctantly" concluding that sentencing Garcia to another term of supervised release would be futile and imposing an eighteen-month term of imprisonment, given Garcia's criminal history, the nature of the offense, and the surrounding circumstances.

## III

For the foregoing reasons, the judgment of the district court is

**AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge