FILED
United States Court of Appeals
Tenth Circuit

May 9, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

DANIEL WAYNE LOWE,

     Defendant - Appellant.

No. 13-2163
(D.C. No. 1:07-CR-00484-MCA-1)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Daniel Wayne Lowe appeals the district court's judgment revoking his supervised release and imposing eight months' imprisonment followed by two years of additional supervised release. His counsel moves for leave to withdraw in a brief filed pursuant to

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Anders v. California, 386 U.S. 738 (1967). Exercising jurisdiction under 28 U.S.C.

§ 1291, we dismiss the appeal and grant counsel's motion to withdraw.

**I**

Lowe pled guilty in 2008 to being a felon in possession of a firearm and

ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was sentenced to

seventy months' imprisonment and three years of supervised release. On May 30, 2013,

Lowe's probation officer petitioned the district court for revocation of his supervised

release. The petition alleged that Lowe failed to: (1) participate in and successfully

complete a substance abuse treatment program by failing to submit to drug testing, twice

testing positive for use of illegal drugs, and testing positive for use of alcohol; and

(2) refrain from the use and possession of alcohol.

At a hearing before the district court,[1] Lowe admitted the violations. Because his

most serious offense was a Grade C violation and Lowe had a criminal history category

of VI, his U.S. Sentencing Guidelines range was eight to fourteen months' imprisonment,

which could be followed by up to three years of supervised release, less any prison term

imposed. The court revoked Lowe's supervised release and sentenced him to eight

months' imprisonment and two years of supervised release with special conditions.

---

[1] The judge who sentenced Lowe for his supervised release violations was not the same judge who sentenced him on his original conviction.

## II

After conscientiously examining a criminal case, an attorney who concludes that any appeal would be frivolous may request permission to withdraw. Anders, 386 U.S. at 744. Counsel must submit to the court and the client a brief identifying any potentially appealable issues. Id. The defendant may then file a pro se brief. Id. If, upon careful examination of the full record, the court determines that the case is "wholly frivolous," it may grant the request to withdraw and dismiss the appeal. Id.

Although Lowe's counsel raises several issues at his client's request, we agree with counsel that none of them constitutes a meritorious ground for appeal. Lowe believes his counsel provided ineffective assistance by failing to correct the district court's misunderstanding of how much presentence credit he possessed to offset his term of imprisonment. During sentencing, the district court stated that Lowe had almost three months' credit against his prison sentence, but he actually had approximately a month. The district court imposed a sentence at the bottom of the Guidelines range and demonstrated no intent to impose a below-Guidelines sentence. Lowe was therefore not prejudiced by his counsel's failure to correct the error. See Strickland v. Washington, 466 U.S. 668, 692 (1984) ("any deficiencies in counsel's performance must be prejudicial" to warrant relief). Moreover, the issue is moot because Lowe's term of imprisonment has ended.

-3-

Lowe believes he was prejudiced by the replacement of his original sentencing judge because that judge would have understood the significance of his post-violation attempts to enter inpatient substance abuse treatment and thus would have imposed such a program rather than incarceration. Lowe's rights were not violated, however, by virtue of the fact that his supervised release was revoked by a different judge than the one who sentenced him for his underlying crime. United States v. Pearson, 203 F.3d 1243, 1256 (10th Cir. 2000) ("Congress has granted broad discretion to the federal district courts in the assignment of cases to particular judges."); United States v. Diaz, 189 F.3d 1239, 1243-44 (10th Cir. 1999) (rejecting argument that "the assignment of five district judges to handle various portions of [defendant's] case violated his due process rights" and concluding that "District Judges have the inherent power to transfer cases from one to another for the expeditious administration of justice" (quotation omitted)).

We also disagree with Lowe's contention that the district court's imposition of 120 days in a "halfway house" adds four months to his term of incarceration. District courts are specifically authorized to include conditions as part of "a term of supervised release after imprisonment," 18 U.S.C. § 3583, including a requirement that the defendant "reside at . . . a community corrections facility (including a facility maintained or under contract to the Bureau of Prisons) for all or part of the term" of supervised release, § 3563(b)(11); § 3583(d) (court may order, as condition of supervised release, any discretionary condition of probation in § 3563(b)). The Guidelines explicitly permit

-4-

"community confinement," including "residence in a . . . halfway house" to "be imposed as a condition of probation or supervised release." U.S.S.G. § 5F1.1 & cmt. n.1; see also United States v. Garcia, 531 F. App'x 869, 870 (10th Cir. 2013) (unpublished) (characterizing "require[d] placement in a residential reentry center" as modification of supervised release). In the instant case, the requirement that Lowe spend time at a residential reentry center to assist his transition back into the community was explicitly listed as one of the special conditions of his supervised release both at his sentencing hearing and in the district court's written judgment. The district court acted within its statutory authority in requiring that Lowe's supervised release include four months in a halfway house.

"We will not reverse a sentence following revocation of supervised release if the record establishes the sentence is reasoned and reasonable." United States v. Handley, 678 F.3d 1185, 1188 (10th Cir. 2012) (quotation omitted). In light of Lowe's criminal history, the nature of his violations, and his demonstrated difficulty adjusting to supervision, we are satisfied that his sentence meets this standard. Nor have we uncovered any potentially meritorious issues in our independent review of the record.

**III**

For the foregoing reasons, we conclude that there are no nonfrivolous grounds for appeal. We therefore **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.


Entered for the Court


Carlos F. Lucero
Circuit Judge