FILED
**United States Court of Appeals**
**Tenth Circuit**

**August 4, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEREMY DWAYNE LAVORCHEK,

Defendant - Appellant.

No. 14-6055
(D.C. No. 5:09-CR-00065-HE-1)
(W.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Defendant and Appellant, Jeremy Dewayne Lavorchek, appeals the twenty-four month sentence imposed by the district court following the revocation of his supervised release. For the following reasons, we reject his argument that the sentence is substantively unreasonable, and we therefore affirm the sentence imposed.

In December of 2008, Mr. Lavorchek was arrested after police found in his possession 92.9 grams of marijuana, forty ecstasy tablets, a scale, multiple baggies, multiple pill bottles containing approximately 1,860 prescription tablets, and $2,363 in cash. He claimed he got some of the drugs from a supplier in Dallas, but he also admitted to breaking into pharmacies in seven different towns and stealing the following prescription drugs: Xanax, Hydrocodone, Soma, Lortab, Norco, Vicodin, Adderall, Oxycontin, Percocet and Morphine.

In March 2009, Mr. Lavorchek waived his right to a grand jury indictment and a jury trial, and pled guilty to one count of burglary of a pharmacy. The district court sentenced him to prison for twelve months and one day, followed by two years of supervised release. This was a downward variation from the advisory sentencing range provided by the United States Sentencing Commission, Guidelines Manual ("USSG").

In August 2010, the United States Probation Office asked the district court to revoke Mr. Lavorchek's supervised release, based on the following: (1) three of Mr. Lavorchek's urine specimens tested positive for cannabanoids and one tested

positive for cocaine; (2) Mr. Lavorchek failed to attend a substance abuse counseling class; (3) he failed to attend a residential substance abuse treatment program; and (4) he missed a scheduled drug test. Mr. Lavorchek then absconded and local police arrested him two days later in Laredo, Texas. A state court subsequently convicted him of deadly conduct and possession of a firearm by a felon. His probation officer then modified the revocation petition to include, as grounds for revocation, his flight and the commission of the other crimes. In June 2012, the district court revoked Mr. Lavorchek's supervised release and sentenced him to eighteen months' imprisonment, followed by an additional eighteen months of supervised release.

Mr. Lavorchek commenced this latest term of supervised release on August 28, 2013. Four days later–on September 1, 2013–an Edmond, Oklahoma police officer arrested Mr. Lavorchek for driving under the influence, driving on a suspended license, and failing to provide insurance verification. On September 6, 2013 (five days later), another Edmond police officer arrested Mr. Lavorchek for public intoxication. Mr. Lavorchek also failed to contact his probation officer when instructed to do so, and he moved without telling his probation officer, in violation of the terms of his supervised release. Based on these violations, Mr. Lavorchek's probation officer asked the district court to issue a warrant and revoke Mr. Lavorchek's supervised release. On December 18, 2013 (after Mr.

Lavorchek had absconded for some three months), officers from the United States Marshal's Office in Los Angeles arrested Mr. Lavorchek.

On February 20, 2014, the district court held a revocation hearing. At that hearing, Mr. Lavorchek stipulated that the government was able to prove the violations of his supervised release. The court noted that the USSG policy statement Chapter 7 recommended a range of three to nine months' imprisonment. Mr. Lavorchek's counsel asked the court to sentence him to a within-Guidelines sentence, claiming that the policy statement accounted for all relevant facts and circumstances. He also agreed with his probation officer's assessment that further supervised release would be futile. The district court took note of the fact that Mr. Lavorchek had absconded for three months.

When the district court asked Mr. Lavorchek if he had anything to say, he asked the court for pity, reminding the district court that it had originally given him a below-Guidelines sentence because the offense "wasn't necessarily [his] lifestyle," and he claimed he had tried to remain offense-free. Tr. of Revocation Hr'g at 6; R. Vol. 3 at 6.

The government recommended that the district court sentence Mr. Lavorchek to twenty-four months' imprisonment (the statutory maximum), noting that Mr. Lavorchek had only paid $355.95 out of an ordered restitution amount of $14,855.54. The government argued this fact undermined Mr. Lavorchek's claim

that he was "trying." The government also pointed out that Mr. Lavorchek had absconded on two occasions.

After listening to both parties, the district court observed that Mr. Lavorchek was facing his second revocation proceeding. The court also noted that, at the original sentencing, there were several factors present which indicated that Mr. Lavorchek was "getting his life pointed in the proper direction." Id. at 8. But the court further observed that Mr. Lavorchek "was back here fairly quickly during the first term of supervised release with serious violations . . . and . . . we're here now again with further violations on the second petition." Id. at 9. Thus, the court stated that the earlier below-Guidelines sentence "seems not to have sent the proper message." Id. The court further noted its "baffle[ment]" with Mr. Lavorchek's statement "that it may not look like [he is] trying, but [he is]." Id. The court "truly see[s] no evidence whatsoever that the defendant is trying here. . . [T]he circumstances indicate that he immediately re-offended with these DUI situations, a couple of them almost immediately after going onto supervised release the first time." Id. "More serious . . . in terms of the sentence here is the ultimate resistance to supervision that he's shown as evidenced by simply absconding from any supervision over the past three or four months. And to suggest that someone who has simply absconded is somehow trying strikes [the court] as laughable." Id.

-5-

Accordingly, based on all of these circumstances, the district court revoked Mr. Lavorchek's supervised release and sentenced him to twenty-four months' imprisonment. This sentence was "based on the fact that this is a second revocation in the course of supervision of the same defendant, the immediacy of the violations commencing immediately upon entering into the second term of supervised release, and this history of essentially resistance to supervision culminating in the absconding from supervision." Id. at 10.

It is undisputed that Chapter 7 of the Guidelines recommends a sentencing range of three to nine months for the particular Grade C violations which Mr. Lavorchek committed. It is also undisputed that 18 U.S.C. § 3583(g) and (e)(3) authorize the district court to sentence Mr. Lavorchek to a term of up to twenty-four months. Thus, the sentence imposed was the statutory maximum. Mr. Lavorchek appeals, arguing that "the imposed statutory maximum sentence is substantively unreasonable." Appellant's Br. at 9.

"In imposing a sentence following revocation of supervised release, a district court is required to consider both [USSG] Chapter 7's policy statements, as well as a number of the factors provided in 18 U.S.C. § 3553(a)." United States v. Cordova, 461 F.3d 1184, 1188 (10th Cir. 2006) (citing United States v. Tedford, 405 F.3d 1159, 1161 (10th Cir. 2005); 18 U.S.C. §§ 3583(e), 3584(b)). "In reviewing a sentence imposed after revocation of supervised release, we review the district court's factual findings for clear error and its legal conclusions

*de novo*." United States v. Handley, 678 F.3d 1185, 1188 (10th Cir 2012).  We will not reverse such a sentence if the record establishes that the sentence is "reasoned and reasonable."  Id. (quoting United States v. Contreras-Martinez, 409 F.3d 1236, 1241 (10th Cir. 2005)).  That standard applies equally to a "sentence in excess of that recommended by the [USSG] Chapter 7 policy statements." United States v. Steele, 603 F.3d 803, 807 (10th Cir. 2010).  We have explained that "[a] 'reasoned' sentence is one that is 'procedurally reasonable'; and a 'reasonable' sentence is one that is 'substantively reasonable.'" United States v. Vigil, 696 F.3d 997, 1001 (10th Cir. 2012) (quoting United States v. McBride, 633 F.3d 1229, 1232 (10th Cir. 2011)). The overarching question is whether the district court abused its discretion in selecting the sentence it deems reasonable; our review of that sentence is deferential.  See United States v. Ruby, 706 F.3d 1221, 1225 (10th Cir. 2013).

Procedural reasonableness "addresses whether the district court incorrectly calculated or failed to calculate the Guidelines sentence, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, relied on clearly erroneous facts, or failed to adequately explain the sentence."  Vigil, 696 F.3d at 1001 (further quotation omitted).  "Substantive reasonableness review broadly looks to whether the district court abused its discretion in weighing permissible § 3553(a) factors in light of the totality of the circumstances."  Id. at 1002 (further quotation omitted).

Mr. Lavorchek makes no argument that the court procedurally erred. His argument focuses on the substantive reasonableness of the sentence, claiming that "the circumstances before the district court supported a within guidelines sentence as sufficient to achieve the purposes of sentencing." Appellant's Br. at 9. While it is true that a "presumption [of reasonableness] is . . . appropriate in reviewing a revocation-of-supervised-release sentence *within* the range suggested by the Commission's policy statements," United States v. McBride, 633 F.3d 1229, 1232 (2012), it is also beyond peradventure that a sentence in excess of that range is not per se unreasonable. See Tedford, 405 F.3d at 1161 (("[I]mposition of a sentence in excess of that recommended by the Chapter 7 policy statements of the Sentencing Guidelines will be upheld if it can be determined from the record to have been reasoned and reasonable." (further quotation omitted)).

This case is similar to the facts presented in Vigil, where we observed that the sentencing court's imposition of a sentence above the recommended Guidelines range was justified by the defendant's "blatant, repeated violations of the conditions of her probation and supervised release." 696 F.3d at 1002. Similarly, we conclude that it was not unreasonable for the district court here, after considering all the relevant sentencing factors, to conclude that the sentence imposed was appropriate because of the repeated instances in which Mr. Lavorchek failed to comply with the conditions of his supervised release, and

because he absconded from supervision altogether.  We cannot say the court abused its discretion in imposing the reasoned and reasonable sentence it selected.

For the foregoing reasons, we AFFIRM the sentence imposed.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge