**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 15, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

DERRICK HANDLEY,

     Defendant-Appellant.

No. 11-3231

---

**Appeal from the United States District Court**
**for the District of Kansas**
**(D.C. No. 2:08-CM-80112-KHV-JPO-1)**

---

Submitted on the briefs:[*]

Leon Patton, Assistant United States Attorney, and Barry R. Grissom, United States Attorney, Kansas City, Kansas, for Plaintiff-Appellee.

Tim Burdick, Assistant Federal Public Defender, and Cyd Gilman, Federal Public Defender, Kansas City, Kansas, for Defendant-Appellant.

---

Before **PORFILIO, ANDERSON,** and **BRORBY**, Senior Circuit Judges.

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**BRORBY**, Senior Circuit Judge.

———————————————

Appellant Derrick Handley appeals his sentence, following revocation of his supervised release and imposition of a new term of incarceration of twelve months and supervised release of four years, on grounds his supervised release exceeds the amount allowed by law under 18 U.S.C. § 3583(h). We exercise jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291 and affirm Mr. Handley's sentence.

## I. Procedural Background

Mr. Handley's sentencing history is a lengthy one. Mr. Handley pled guilty in the federal district court for Colorado to one count of distributing more than five grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). On April 23, 2003, the district court sentenced him to seventy-two months imprisonment and four years supervised release. On January 15, 2008, following his release from custody, Mr. Handley began serving his term of supervised release. On October 22, 2008, the Colorado federal district court transferred its jurisdiction over Mr. Handley's supervised release to the federal district court for Kansas.

-2-

On December 1, 2009, Mr. Handley appeared before the Kansas district court at a revocation hearing and stipulated to multiple violations of the conditions of his supervised release, which occurred from February 23 through October 22, 2009, and included testing positive for use of marijuana and/or cocaine on at least four occasions; failing to report for urinalysis on at least six occasions; refusal to participate in a substance abuse group counseling session; missing at least two substance abuse group counseling sessions; and walking away from a halfway house one day after his placement in it. The district court revoked Mr. Handley's supervised release and sentenced him to ten months imprisonment and three years and nine months supervised release. In imposing the ten-month imprisonment, the district court stated:

> I think the problem here is that we have simply never caught [Mr. Handley's] attention or impressed upon him sufficiently that there is a legal obligation to comply with the authority of the Court and the Probation Office with regards to the terms of supervision, so I think the ... ten months in custody hopefully would be sufficient to catch his attention and address the seriousness of his violations.

R., Vol. 2, Pt. 1 at 14. It also stated the term of supervised release would give Mr. Handley "a chance to think about it some more."

On September 2, 2010, after Mr. Handley's release from custody, he began serving his term of supervised release. On August 2, 2011, Mr. Handley appeared before the district court at another revocation hearing and again stipulated to

multiple violations of the conditions of his supervised release, including testing positive for heroin, cocaine, amphetamines and/or methamphetamine on at least five occasions between January 11 and June 9, 2011. The district court again found Mr. Handley violated his supervised release and sentenced him to twelve months imprisonment and four years supervised release. Before imposing the sentence, the district court considered Mr. Handley's argument he should not receive a term of supervised release given he showed some progress following his prior three one-hour sessions of mental health counseling. In imposing the sentence, the district court stated it believed some consequence should occur for Mr. Handley's multiple violations of his second term of supervised release and that a twelve-month period of incarceration and forty-eight-month term of supervised release would "give him the benefit of intensive mental health treatment and substance abuse treatment if he is serious about taking advantage of that." R., Vol. 2, Pt. 2 at 35. It also stated it gave Mr. Handley the "benefit of the doubt" when it imposed the previous term of supervised release, and he "did not take the benefit of that and take advantage of the opportunities" given him, including the "opportunities to deal with the drug issues and bring [himself] into compliance." *Id.* at 37.

## II. Discussion

Mr. Handley appeals the length of his four-year term of supervised release

on grounds the district court exceeded the maximum amount allowable by law under 18 U.S.C. § 3583(h), which states that after revocation, the length of supervised release cannot exceed the term of supervised release authorized by statute for that offense, less any term of imprisonment imposed on revocation. He argues that because § 3583(b)(1) provides only five years as the maximum allowable sentence of supervised release for his offense, and he will have served twenty-two months incarceration, the greatest amount of supervised release which can be imposed on him following revocation is only three years and two months.

In making this argument, Mr. Handley recognizes the statute under which he received his conviction, 21 U.S.C. § 841, does not state a maximum amount of time for supervised release and is a recognized exception to the five-year maximum term of supervised release set out in 18 U.S.C. § 3583(b)(1). However, he suggests a question exists as to how far the exception should go and that without a limit he is "facing the possibility of a lifetime of imprisonment and supervision" because § 841 "does not provide a check against the infinitely reoccurring prison and supervised release terms."

In opposing the appeal, the government agrees Mr. Handley's underlying offense is a Class B felony which, if 18 U.S.C. § 3583(b)(1) applied, limits the maximum term of supervised release to five years. However, it points out an

exception exists, as evidenced by the phrase "except as otherwise provided," contained within that statute. It argues 21 U.S.C. § 841, under which Mr. Handley was convicted of a drug trafficking offense, is an exception, and because it does not set a limit on the maximum term of supervised release, the term allowable is life. As persuasive, rather than precedential, authority, it relies on *United States v. Jackson*, 559 F.3d 368, 371 (5th Cir. 2009), and our unpublished opinion in *United States v. Reed*, 4 F.App'x 575, 589 (10th Cir. 2001), in which the Fifth Circuit and this circuit state the authorized maximum term of supervised release is life under drug offense statutes 21 U.S.C. § 841(b)(1)(A) and (C). These statutes, like § 841(b)(1)(B), do not limit the maximum allowable term of supervised release. It also suggests that whether Mr. Handley faces a lifetime of supervised release depends on how he lives his life and his own conduct with regard to any future violations of the conditions of his supervised release.

In reviewing a sentence imposed after revocation of supervised release, we review the district court's factual findings for clear error and its legal conclusions *de novo*. *See United States v. Tsosie*, 376 F.3d 1210, 1217-18 (10th Cir. 2004). We will not reverse a sentence following revocation of supervised release if the record establishes the sentence is "reasoned and reasonable." *United States v. Contreras-Martinez*, 409 F.3d 1236, 1241 (10th Cir. 2005) (internal quotation marks omitted).

Under the Federal Rules of Criminal Procedure and 18 U.S.C. § 3583, when a person violates the conditions of supervised release, the district court may, or in some instances is required to, modify the conditions of supervised release or revoke the term of supervised release and impose prison time. *See United States v. Kelley*, 359 F.3d 1302, 1304 (10th Cir. 2004); 18 U.S.C. § 3583(e)(2)-(3) & (g); Fed. R. Crim. P. 32.1(a)-(e). Under § 3583(h), "[w]hen a term of supervised release is revoked and the defendant is required to serve a term of imprisonment" courts are also expressly permitted to impose "a term of supervised release after imprisonment." Subsection (h) also states: "The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h).

In this case, the statute underlying the offense resulting in Mr. Handley's original term of supervised release is 21 U.S.C. § 841(b)(1)(B). Under that statute, Mr. Handley received a conviction for knowingly or intentionally distributing more than five grams of crack cocaine. *See* 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii). Section 841(b)(1)(B) expressly states a violation for such an offense carries a term of imprisonment of not less than five years and not more than forty years and "a term of supervised release of at least four years in addition

to such term of imprisonment." While it prescribes a minimum of four years of supervised release, the statute does not limit the maximum term of supervised release for such drug offenses. In turn, 18 U.S.C. § 3583(b)(1), on which Mr. Handley relies, sets a limit on the maximum term of supervised release, stating "[e]xcept as otherwise provided, the authorized terms of supervised release are ... for a Class A or Class B felony, not more than five years."

In construing and reconciling statutes like §§ 3583(b)(1) and 841(b)(1)(B), we review a district court's statutory interpretation *de novo*. *See United States v. Manning*, 526 F.3d 611, 614 (10th Cir. 2008). As to the principles of statutory construction involving federal statutes,

> It is our primary task in interpreting statutes to determine [C]ongressional intent, using traditional tools of statutory construction. We begin by examining the statute's plain language. If the statutory language is clear, our analysis ordinarily ends. ... If the statute's plain language is ambiguous as to Congressional intent, we look to the legislative history and the underlying public policy of the statute.

*Id.* (citations omitted). When considering the language employed by Congress, "we read the words of the statute in their context and with a view to their place in the overall statutory scheme" and thereby "ordinarily resist reading words or elements into a statute that do not appear on its face." *United States v. Sturm*, 673 F.3d 1274, 1279 (10th Cir. 2012).

In reconciling 18 U.S.C. § 3583(b) with 21 U.S.C. § 841(b), we previously determined the phrase "except as otherwise provided," as contained in § 3583(b), applies to § 841, which covers drug offenses, making it an exception to the maximum terms of supervised release contained in § 3583(b). *See United States v. Heckard*, 238 F.3d 1222, 1236 (10th Cir. 2001).[2] Our plain reading of this statute is supported by the fact Congress, when enacting the Anti-Drug Abuse Act of 1986, amended § 3583(b) by adding the introductory phrase "[e]xcept as otherwise provided" at the same time it enacted 21 U.S.C. § 841(b)(1)(A) concerning drug offenses, which not only sets minimum terms of supervised release that are absent in § 3583(b) but does not limit the maximum term of supervised release, as § 3583(b) does. *See id.* As the Second Circuit has explained, it is apparent Congress, in enacting the Anti-Drug Abuse Act, "intended to enhance the penalties available to combat drug offenses." *Eng*, 14 F.3d at 173.

---

[2] *See also United States v. Pratt*, 239 F.3d 640, 647-48 (4th Cir. 2001) (holding § 841(b)(1)(C), which covers drug offenses, is an exception to 18 U.S.C. § 3583(b)); *United States v. Garcia*, 112 F.3d 395, 397-98 (9th Cir. 1997) (adopting reasoning drug offenses under § 841 are an exception to terms of supervised release listed in § 3583(b)); *United States v. Eng*, 14 F.3d 165, 172-73 (2d Cir. 1994) (stating § 841(b)(1)(A), which deals with drug offenses, is exception to § 3583(b)); *United States v. LeMay*, 952 F.2d 995, 998 (8th Cir. 1991) (holding phrase "except as otherwise provided" was added to § 3583(b) so it would not conflict with the drug offenses in § 841(b)(1)(A)).

Having determined the maximum terms of supervised release in § 3583(b) do not apply to drug offenses under 21 U.S.C. § 841, it is also clear under the plain language of § 841(b)(1)(B) that the maximum term of supervised release is life. This is because the statute does not expressly limit the maximum allowable term of supervised release a court may impose. The Second Circuit, applying the same reasoning, has similarly determined a sentencing judge may impose a term of supervised release anywhere from the minimum specified in § 841(b)(1)(B) up to life. *See United States v. Mora*, 22 F.3d 409, 412 (2d Cir. 1994). It and other circuits have made the same ruling with regard to 21 U.S.C. § 841(b)(1)(A) and (b)(1)(C) which, like the statute at issue here, impose a minimum supervised release for certain drug offenses but do not limit the maximum allowable term. *See Jackson*, 559 F.3d at 371-72 (5th Cir.) (holding § 841(b)(1)(C) permits the imposition of supervised release for life); *Pratt*, 239 F.3d at 647-48 (4th Cir.) (same); *Eng*, 14 F.3d at 172-73 (2d Cir.) (holding defendant, convicted under § 841(b)(1)(A), may receive lifetime term of supervised release). Legislative history supports such reasoning. This is because Congress, in amending 21 U.S.C. § 841(b)(1)(A)-(D) to add the language "notwithstanding section 3583 of title 18," stated it "intended to clarify that the longer terms of supervised release under § 841 ... 'may include lifetime supervised release.'" *Jackson*, 559 F.3d at 370-71 (quoting H.R. Rep. No. 107-685 at 188-89 (2002) (Conf. Rep.)).

While Mr. Handley recognizes 21 U.S.C. § 841(b)(1)(B) does not provide a maximum amount of time for supervised release and is a recognized exception to 18 U.S.C. § 3583(b)(1), he nevertheless argues the maximum term of five years supervised release in 18 U.S.C. § 3583(b)(1) or some other limit should apply to avoid the possibility of a lifetime of imprisonment and supervision. However, such an interpretation would render meaningless or superfluous the phrase "except as otherwise provided" contained in § 3583(b) and change the overall statutory sentencing scheme intended by Congress when it enacted the Anti-Drug Abuse Act of 1986, which includes § 841and its maximum lifetime term of supervised release for drug offenses. In addition, as the government contends, whether Mr. Handley faces a lifetime of supervised release depends on his own conduct and any future violations of the conditions of his supervised release. In other words, compliance is a means to avoid "the infinitely reoccurring prison and supervised release terms" of which Mr. Handley complains on appeal.

Because the maximum allowable term of supervised release is life under § 841(b)(1)(B), the district court could impose a four-year term of supervised release following Mr. Handley's incarceration. Moreover, the district court's imposition of four years of supervised release in this case is both "reasoned and reasonable" given Mr. Handley's failure to deal with his drug issues, obvious need for mental health and substance abuse treatment, and multiple violations of

the conditions of his prior terms of supervised release. *See Contreras-Martinez*, 409 F.3d at 1241.

## III.  Conclusion

For these reasons, we **AFFIRM** Mr. Handley's sentence of twelve months imprisonment and forty-eight months supervised release.