FILED
United States Court of Appeals
Tenth Circuit

February 7, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ANTHONY LANE,

      Defendant - Appellant.

No. 13-8051
(D.C. No. 1:08-CR-00293-ABJ-5)
(D. Wyoming)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **GORSUCH,** and **PHILLIPS**, Circuit Judges.

After Defendant Anthony Lane admitted to multiple violations of his supervised release, the United States District Court for the District of Wyoming revoked his supervised release and sentenced him to eight months' imprisonment to be followed by

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the party's request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

six months of supervised release in a reentry facility. *See* 18 U.S.C. § 3583(e)(3), (h). Defendant timely appealed.

Discerning no meritorious issues for appeal, defense counsel submitted an *Anders* brief and a motion for leave to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). As required by *Anders*, Defendant was provided a copy of the brief and the clerk of this court sent him a letter informing him that he could respond with any meritorious arguments within 30 days. *See id.* at 744 (defendant must be given a copy of the *Anders* brief and provided time to respond). Defendant never responded. Believing the appeal to be wholly frivolous, the United States chose not to submit a brief. We have jurisdiction under 28 U.S.C. § 1291. After independently examining the record, we agree with defense counsel that there are no nonfrivolous grounds for appeal. Accordingly, we grant the motion for leave to withdraw and dismiss the appeal.

## I. DISCUSSION

Defendant pleaded guilty to distributing cocaine, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846, and was sentenced to 42 months' imprisonment and three years of supervised release. Defendant began his term of supervised release in June 2011. Two conditions of supervised release are relevant to this appeal: (1) Defendant "shall not commit another federal, state or local crime," R., Vol. 1 at 30; and (2) Defendant "shall refrain from the use or possession of alcohol," *id.* at 31. On April 10, 2013, the probation office filed a petition to revoke Defendant's supervised release. The petition alleged that he had committed seven violations of the conditions of his release by

consuming alcohol and committing the crimes of domestic battery, reckless endangerment and indifference, driving under the influence of alcohol, and driving with a suspended license. At his revocation hearing, Defendant admitted all seven violations.

The district court determined that the most serious violation was the domestic battery, which constitutes a Grade C violation under United States Sentencing Guidelines Manual § 7B1.1(a)(3) (2013) because it is punishable by a term of imprisonment of one year or less. Defendant had a criminal-history category of III, and his guideline range was therefore 5 to 11 months. *See* USSG § 7B1.4(a). The district court sentenced him to 8 months' imprisonment, a term in the middle of the guideline range, and added six months of supervised release in a reentry facility.

"We will not reverse a sentence following revocation of supervised release if the record establishes the sentence is reasoned and reasonable." *United States v. Handley*, 678 F.3d 1185, 1188 (10th Cir. 2012) (internal quotation marks omitted). In light of Defendant's criminal history and his violations of the conditions of supervised release, his sentence was reasoned and reasonable. The court properly calculated Defendant's guideline range and the term imposed was in the middle of that range. The term of supervised release was also reasonable.

Further, we do not think that the district court violated *Tapia v. United States*, 131 S. Ct. 2382 (2011). Although the court discussed the importance of Defendant's straightening up his life, it did not "impos[e] or length[en] a prison term to promote [the] offender's rehabilitation." *Id.* at 2391. Rather, when imposing the sentence, the court

focused on Defendant's violations of the conditions of supervised release and the threat he posed to society.

## II.    CONCLUSION

We GRANT the motion for leave to withdraw and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

4