**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 15, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY NELSON REEVES,

Defendant - Appellant.

No. 14-1056
(D.C. No. 1:94-CR-00231-LTB-1)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **GORSUCH**, **MURPHY**, and **HOLMES**, Circuit Judges.

---

After examining the briefs and appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). Accordingly, we grant the parties' requests and order the case submitted without oral argument.

Timothy Reeves appeals the sentence imposed by the district court upon revocation of his supervised release. He asserts the twenty-four month sentence,

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

a sentence above the advisory range set out in the Guidelines, is substantively unreasonable. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and **affirm** the sentence imposed by the district court.

Because it is highly relevant to the district court's decision to impose an above-guidelines sentence, this court begins by setting out Reeves's criminal history. In 1992, Reeves was convicted in Colorado state court on charges arising from two related incidents: (1) Criminal Attempt to Commit Aggravated Motor Vehicle Theft, resulting from taking his friend's mother's car to Massachusetts without permission; and (2) Intimidating a Witness, resulting from a note he sent to that friend while he was in jail awaiting disposition of the theft charge, threatening to kill her and her family if the charge was not dropped. He received concurrent six-year sentences for these convictions. The following year, while still incarcerated on the previous convictions, he pleaded guilty in state court to (1) Criminal Solicitation to Commit Second Degree Murder and (2) Retaliation Against a Witness or Victim. These convictions were based on an attempt by Reeves to obtain a contract for the murder of a deputy sheriff. He stipulated to a twelve-year sentence to be served consecutively to his prior state sentences.

In 1994, Reeves pleaded guilty to mailing a threatening communication, in violation of 18 U.S.C. § 876. While incarcerated on the state charges, Reeves obtained a list of jurors from a state-court trial. Selecting a female name at random, Reeves sent the juror a threatening, sexually explicit letter. According to

the letter, if the juror did not comply with his demands, he would see to it that her family members would be killed, one at a time. Reeves was sentenced to eighteen months' imprisonment, followed by three years' supervised release. Furthermore, the federal sentence was to be served consecutively to the three prior Colorado state sentences.

Reeves began serving his federal supervised release in February of 2009. Eighteen months later, he was arrested for making harassing and obscene telephone calls. In response, the district court revoked Reeves's supervised release, sentenced him to ten months' imprisonment, and ordered that he serve twenty-six months of supervised release.[1] Reeves began his second term of supervised release in March of 2012. In October of 2013, the probation office filed a petition alleging Reeves violated the conditions of his supervised release. In particular, the petition alleged Reeves failed to (1) adequately participate in sex offender treatment[2] and (2) participate in drug testing as directed by the

[1]The district court also attached the following four special conditions to Reeves's new term of supervised release:

> 1) Participation in testing and/or treatment for drug and alcohol abuse, as approved by the probation officer; 2) Participation in mental health treatment, as approved by the probation officer; 3) Participation in an approved program of sex offender evaluation and treatment, as directed by the Court; and 4) No contact, direct or indirect, with [a specified woman] or her family.

[2]In summary, the petition alleged, in this regard, that Reeves "engag[ed] in unwanted physical contact with an adult female, [went] to an adult female's

(continued...)

probation officer.  Thereafter, the probation office prepared a Violation Hearing

Report.  The report noted that during his second term of supervised release,

Reeves had "displayed a pattern of noncompliance" and "been admonished

multiple times for his continued dishonesty and manipulation."  The probation

office was particularly concerned that Reeves's conduct was

> alarmingly similar in nature to his past criminal convictions.
> Regardless of the original term of imprisonment and months of
> corrective treatment services while under supervision in the
> community, it appears the defendant again chose to return to his
> lifestyle of victimizing random individuals in the community.  He
> has established a pattern of victimizing innocent females in the
> community.

The probation office thus recommended Reeves's supervised release be revoked,

that he be sentenced to the statutory-maximum twenty-four months'

imprisonment, and that no additional term of supervised release be imposed

thereafter.[3]

At the revocation hearing, Reeves admitted he had violated the terms of his

supervised release by failing to adequately participate in sex offender treatment

---

[2](...continued)
residence without her permission, engag[ed] in inappropriate conversations with
multiple women in the community, [went] to unapproved locations in the
community, engag[ed] in secretive behaviors, and [was] dishonest with the
treatment team.

[3]The probation office recommended that the district court not impose a
further term of supervised release because Reeves's history demonstrated he was
stubbornly disinclined to take advantage of the treatment services provided to him
as part of the process of supervision.

and by missing two drug tests. He then proceeded to present evidence attempting to demonstrate the conduct underlying his violations was not nearly as serious as asserted by the government. After hearing arguments from the government's attorney and Reeves's counsel, the district court invited Reeves to address the court. In his statement to the court, Reeves attributed his general lack of progress in the required sex offender treatment program to that program's focus on child sex offenders, an issue unrelated to his problems.[4]

Having received evidence regarding the nature of Reeves's violations, heard counsels' arguments, and considered Reeves's statement, the district court proceeded to a disposition of the revocation petition. It began by reviewing the nature and circumstances of Reeves's violations, as well as the context of his history and characteristics. The district court noted Reeves's original federal offense "was a heinous threatening communication." His first violation of supervised release likewise entailed obscene, harassing telephone threats— conduct very similar to the underlying offense of conviction. The district court expressed its concern that Reeves blamed the sex offender treatment program, rather than recognizing and addressing his own "proclivities." Although it recognized a few of Reeves's recent violations were "somewhat technical," the court characterized his recent encounters with women as a continuing issue of

---

[4]According to Reeves's minimized version of his criminal conduct, his psychosexual problem manifested in "getting drunk and calling a stranger and having phone sex with an answering machine."

-5-

serious concern.  Given this history and background, the district court concluded a statutory maximum sentence was warranted to protect the public from further victimization:

> All of what I have said justifies a revocation of your supervised release.  And if the sanction is not sufficiently severe, I'm concerned that the public is not going to be protected.  What I'm really concerned about, because I'm not going to reimpose supervised release, is what you already alluded to, I'm going to be the same person when I get out of prison as I am today.  You all—will not have done any good, and that scares me to death.  Because somebody, somewhere, is likely to be victimized again, the way you did the victim in the underlying offense of conviction, and the way you did the victim, and your conduct leading to revocation of your supervised release the last time.
>
> All of this says that the sentence should be above the top of the recommended range of sentence in the guidelines of the sentencing commission, the policy statements of the sentencing commission guidelines.

Consequently, the district court varied above the advisory guidelines range and sentenced Reeves to the statutory maximum of twenty-four months.  Reeves appeals asserting his sentence is too long and, thus, substantively unreasonable.

"In imposing a sentence following revocation of supervised release, a district court is required to consider both [the Sentencing Guidelines Chapter 7] policy statements, as well as a number of the factors provided in 18 U.S.C. § 3553(a)."  *United States v. Cordova*, 461 F.3d 1184, 1188 (10th Cir. 2006) (citation omitted).  "In reviewing a sentence imposed after revocation of supervised release, we review the district court's factual findings for clear error

and its legal conclusions *de novo*." *United States v. Handley*, 678 F.3d 1185, 1188 (10th Cir. 2012). This court will not reverse such a sentence if the record establishes the sentence is "reasoned and reasonable." *Id.* (quotation omitted). That standard applies equally to a "sentence in excess of that recommended by the Chapter 7 policy statements." *United States v. Steele*, 603 F.3d 803, 807 (10th Cir. 2010) (quotation omitted). "A reasoned sentence is one that is procedurally reasonable; and a reasonable sentence is one that is substantively reasonable." *United States v. Vigil*, 696 F.3d 997, 1001 (10th Cir. 2012) (alteration and quotations omitted). "Substantive reasonableness review broadly looks to whether the district court abused its discretion in weighing permissible § 3553(a) factors in light of the totality of the circumstances." *Id.* at 1002 (alteration and quotations omitted). The overarching question is whether the district court abused its discretion in selecting the sentence it deems reasonable; our review of that sentence is deferential. *See United States v. Ruby*, 706 F.3d 1221, 1225 (10th Cir. 2013).

On appeal, Reeves asserts his sentence is too long (i.e., substantively unreasonable) because (1) his violations of supervised release were relatively minor and technical in nature and (2) the district court gave too much weight to his past criminal conduct. Reeves's arguments lack merit. In arriving at the decision to impose the statutory maximum sentence upon revocation of Reeves's supervised release, a sentence significantly above the advisory guidelines range of

eight to fourteen months, the district court began by noting Reeves had engaged in an unceasing pattern of highly inappropriate (and generally criminal) conduct toward women. Furthermore, Reeves's actions demonstrated he was unwilling to address that conduct through the multiple services afforded to him as part of the program of supervised release. Indeed, at the sentencing hearing, he minimized his own culpability in his continued misconduct and attempted to shift the blame to the sex offender treatment program. Furthermore, he informed the court he would exit prison unchanged and unprepared to deal with his inappropriate conduct. That being the case, the district court concluded the need to protect the public became the paramount sentencing consideration. 18 U.S.C. §§ 3553(a)(2)(C), 3583(e)(3). Because the district court had little doubt Reeves would re-offend, and because the consequences of Reeves re-offending could be further "heinous" crimes, a sentence at the statutory maximum of twenty-four months was the only avenue for the district court to protect the public.

Given the record in this case, there is no doubt the sentence imposed by the district was both reasoned and reasonable. Thus, the district court is **AFFIRMED**.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge