FILED
United States Court of Appeals
Tenth Circuit

December 5, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

CRYSTAL RODRIGUEZ,

      Defendant - Appellant.

No. 14-1141
(D.C. No. 1:13-CR-00503-RBJ-1)
(D.Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BALDOCK**, and **BACHARACH**, Circuit Judges.[**]

Defendant-Appellant Crystal Rodriguez appeals from the sentence imposed

upon violation of her supervised release.  Ms. Rodriguez's attorney filed a brief

and motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967).

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  We

dismiss the appeal and grant counsel's motion to withdraw.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

Background

Ms. Rodriguez pled guilty to conspiracy to possess methamphetamine with intent to distribute and was sentenced to 70 months' imprisonment followed by four years' supervised release. On July 1, 2013, her term of supervised release began.

On January 22, 2014, Rodriguez was arrested and charged with violating her supervised release. The government alleged four violations including failing to participate in drug testing and failing to notify her probation officer of a change of residence. 1 R. 7–8. The probation office calculated the applicable sentencing range to be six to twelve months' imprisonment and up to five years of supervised release and recommended a sentence of six months' imprisonment followed by two years of supervised release. 2 R. 32. As special conditions of supervised release, the probation office recommended Ms. Rodriguez complete a substance abuse program, complete a mental health treatment program, and reside in a residential reentry center for a period of up to 180 days. Id. at 33.

In a sentencing recommendation, the probation officer explained that during Ms. Rodriguez's brief time on supervised release, she "stopped providing random urinalyses, failed to advise me of her residence, and eventually ceased communication." Id. The officer explained "it became challenging to build a rapport and assist [Ms. Rodriguez] with re-entering the community" and that she "often presents as guarded, which makes is [sic] difficult to determine her needs."

Id.  The probation officer believed the residential reentry center would "provide structure, treatment, and a place to stay until [Ms. Rodriguez] is able to become self sufficient."  Id.  Ms. Rodriguez did not object to any of the report.

At the April 8, 2014 sentencing hearing, Ms. Rodriguez admitted to the violations and was sentenced in accordance with the probation office's recommendations.  1 R. 29.  Ms. Rodriguez did not object to the sentence.  The district court entered judgment and Ms. Rodriguez filed a timely notice of appeal.

Discussion

In Anders, the Supreme Court explained that if appointed counsel "finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw."  386 U.S. at 744.  Ms. Rodriguez's counsel has done so.  Aplt. Br. 4–5.  Ms. Rodriguez was served with a copy of the Anders brief, id. at 8, but did not contest or respond to it.  Pursuant to Anders, we conduct an independent review to determine whether Ms. Rodriguez's claims are frivolous, 386 U.S. at 744, and we conclude they are.

Ms. Rodriguez has been released from prison and is under the supervision of the Denver Residential Reentry Management field office.  See http://www.bop.gov/inmateloc/ (last visited Dec. 1, 2014).  Thus, any question of the reasonableness of Ms. Rodriguez's prison term is now moot, see United States v. Meyers, 200 F.3d 715, 721–22 & n.3 (10th Cir. 2000), and she can only

- 3 -

challenge the imposition of supervised release and special conditions of release.

We will not reverse a sentence following a revocation of supervised release if the record shows the sentence is "reasoned and reasonable." United States v. Handley, 678 F.3d 1185, 1188 (10th Cir. 2012) (citation omitted). "A 'reasoned' sentence is one that is 'procedurally reasonable'; and a 'reasonable' sentence is one that is 'substantively reasonable.'" United States v. Vigil, 696 F.3d 997, 1001 (10th Cir. 2012) (citation omitted).

A sentence is procedurally unreasonable where a district judge failed to properly consider the sentencing factors in 18 U.S.C. § 3553(a) or failed to conduct an individualized assessment of how the factors apply to a defendant. See United States v. Chavez, 723 F.3d 1226, 1232 (10th Cir. 2013) (citing Gall v. United States, 552 U.S. 38, 51 (2007)). Because Ms. Rodriguez did not object to the Guidelines calculation at the sentencing hearing, we review for plain error. Id. Normally, where plain error is not argued to this court on appeal, it is waived. See McKissick v. Yuen, 618 F.3d 1177, 1189 (10th Cir. 2010). However, given our duty to independently assess Ms. Rodriguez's claims to determine if counsel should be appointed for her appeal, Anders, 386 U.S. at 744, we proceed on the assumption that appointed counsel would argue the plain error standard. Nevertheless, we have reviewed Ms. Rodriguez's original presentence report, the supervised release violation report and the minutes from her sentencing hearing and conclude there is no non-frivolous argument that the district court committed

procedural error.

We review challenges to the substantive reasonableness of a sentence for abuse of discretion. See United States v. Sayad, 589 F.3d 1110, 1116 (10th Cir. 2009). "[A] district court's sentence is substantively unreasonable only if it is 'arbitrary, capricious, whimsical, or manifestly unreasonable.'" Id. (citation omitted). Further, "[w]e presume the sentence is substantively reasonable when it falls within the sentencing guideline range." United States v. Basnett, 735 F.3d 1255, 1263 (10th Cir. 2013).

When supervised release is revoked and an individual is sentenced to prison time, a court can include a term of supervised release after the imprisonment. See 18 U.S.C. § 3583(h). Such a term of supervised release cannot exceed the supervised release term authorized by the statute for the original offense less any term of imprisonment imposed upon revocation. Id. Here, Ms. Rodriguez pled to a class B felony, 18 U.S.C. § 3559(a)(2), and thus the statutory maximum supervised release term is five years. Id. § 3583(b)(1). The Guidelines provide that "at least two but no more than five" years of supervised release is appropriate for someone who has committed a Class B felony. U.S. Sentencing Guidelines Manual § 5D1.2(a)(1).

Thus, under § 3583(h) and in light of the six months of jail time given, Ms. Rodriguez faced up to four-and-a-half years of supervised release. She was sentenced to two years of supervised release, at the low end of the Guidelines.

This sentence was substantively reasonable given Ms. Rodriguez's criminal history, her violation of the original supervised release after only one month, 2 R. 26, and the presumptive reasonableness of sentences within the Guidelines.

Where a defendant fails to object to a special condition of supervised release at the time it is announced, this court reviews for plain error. See United States v. Mike, 632 F.3d 686, 691 (10th Cir. 2011). Courts may order special conditions of supervised release to the extent those conditions (1) are "reasonably related" to the offense and the defendant's history, the need to deter criminal conduct, the need to protect the public, or the need to provide the defendant with treatment or care; (2) "involve no greater deprivation of liberty than is reasonably necessary" to achieve these purposes; and (3) are "consistent with any pertinent policy statements" of the Sentencing Commission. See 18 U.S.C. 3583(d); id. § 3553(a)(1), (a)(2)(B)–(D).

The special condition requiring Ms. Rodriguez to participate in a substance abuse program is reasonably related to her supervised release violation of refusal to participate in drug testing, her history of drug use, and her multiple drug-related convictions. 2 R. 4, 15, 17. The condition requiring Ms. Rodriguez to reside in a residential reentry center for 180 days is reasonably related to her unwillingness to cooperate with the probation officer and the officer's observations that it had been "challenging to build a rapport and assist [Ms. Rodriguez] with re-entering the community." Id. at 33. Finally, requiring Ms.

- 6 -

Rodriguez to complete a mental health program was reasonable in light of her criminal history, refusal to cooperate with the probation officer, and past mental health issues. <u>Id.</u> at 17. None of these conditions deprive Ms. Rodriguez of her liberty greater than reasonably necessary.

For the foregoing reasons, we DISMISS the appeal and GRANT counsel's motion to withdraw.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge