FILED
United States Court of Appeals
Tenth Circuit

**February 6, 2015**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

v.

JEREMY ALLEN McMANIS,

    Defendant – Appellant.

No. 14-1416
(D. Colorado)
(D.C. No. 1:13-CR-00293-RM-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **ANDERSON**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Defendant and Appellant, Jeremy Allen McManis, appeals the fourteen-month sentence imposed following the revocation of his supervised release. Concluding that the sentence is substantively reasonable, we affirm.

## BACKGROUND

Mr. McManis was convicted in the Colorado federal district court of possession and distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). This conviction was based on three incidents in which Mr. McManis sold cocaine to an undercover agent on the Fort Carson military base in Colorado Springs, Colorado. Mr. McManis had recently been discharged from the Army, after serving in Afghanistan. He was sentenced to five months in prison, followed by three years of supervised release.

Mr. McManis's supervised release commenced in February 2014, when he was released from prison and placed in a halfway house in Colorado Springs. Several months later, he violated numerous conditions of his supervised release: he was caught with a cell phone, a prohibited device in the halfway house; he adulterated two random urine screens; he admitted smoking synthetic marijuana and took Percocet belonging to someone else; and he refused to wear a GPS monitoring device, as instructed by his probation officers. As a result of these violations, the halfway house terminated Mr. McManis's placement there and his probation officer requested a warrant for his arrest.

In July of 2014, a Colorado Highway Patrol officer stopped Mr. McManis and found him in possession of false identification. He was arrested on outstanding warrants and pled guilty in state court to one count of falsifying his identity.

In September 2014, Mr. McManis's probation officer filed a report charging him with three separate violations of his supervised release: (1) failure to reside in a residential re-entry facility; (2) failure to participate in drug treatment, as directed by his probation officer; and (3) failure to comply with the law, based on his state court conviction for falsifying his identity.

In October 2014, the district court held a supervised release violation hearing, at which Mr. McManis's supervised release violations were classified as Grade C violations under the United States Sentencing Commission, Guidelines Manual ("USSG"). See USSG § 7B1.1(a)(3). With a criminal history category of I, the Guidelines policy statement recommended an imprisonment sentence of three to nine months. U.S.S.G. § 7B1.3. After warning the parties that the court was inclined to impose a longer sentence than the recommended three to nine months, the court ultimately imposed a sentence of fourteen months' imprisonment, followed by twenty-two months of supervised release. This appeal followed.

## DISCUSSION

"We review all sentences, including those imposed for violations of supervised release, for reasonableness."  United States v. Rausch, 638 F.3d 1296, 1302 (10th Cir. 2011).  That reasonableness standard requires deference to the district court "under the 'familiar abuse-of-discretion standard of review.'"  United States v. Martinez, 610 F.3d 1216, 1223 (10th Cir. 2010) (quoting Gall v. United States, 552 U.S. 38, 46 (2007)).  More specifically, "'[w]e will not reverse a sentence following revocation of supervised release if the record establishes the sentence is reasoned and reasonable.'"  United States v. Vigil, 696 F.3d 997, 1001 (10th Cir. 2012) (quoting United States v. Handley, 678 F.3d 1185, 1188 (10th Cir. 2012)); United States v. Lamirand, 669 F.3d 1091, 1093 (10th Cir. 2012).  "Under our current nomenclature, a 'reasoned' sentence is one that is 'procedurally reasonable'; and a 'reasonable' sentence is one that is 'substantively reasonable.'"  United States v. McBride, 633 F.3d 1229, 1232 (10th Cir. 2011).

"Before deciding whether to revoke a term of supervised release and determining the sentence imposed after revocation, the district court must consider the factors set out in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)."  Id. at 1231 (citing 18 U.S.C. § 3583(e)).  The court must also consider "the policy statements in Chapter 7 of the Sentencing Guidelines."  Vigil, 696 F.3d at 1002.

Mr. McManis argues his sentence is substantively unreasonable for two reasons: (1) "it is unreasonably harsh in light of the relatively minor nature of his violations, especially since his sentence on supervised release exceeded by far the punishment he received for the more serious underlying offense;" and (2) it is "unreasonable . . . because the district placed too little weight on the effects of . . . [his] addiction to pain-killing opiates and the trauma he suffered as a soldier in Afghanistan." Appellant's Br. at 4-5. He does not claim that the district court failed to consider the relevant sentencing factors of policy statements; rather, he challenges the district court's ultimate sentencing determination made following its allegedly inadequate consideration of those factors.

At the hearing concerning the revocation of Mr. McManis's supervised release, the probation officer and the prosecutor agreed that a six-month sentence was appropriate. Mr. McManis urged a sentence of two to three months, at the low end of the advisory range of three to nine months suggested by the Guidelines. As indicated above, the district court expressed early on its disinclination to sentence Mr. McManis to the Guidelines sentence or that recommended by the prosecutor.

The court explained its reasoning very clearly. The court recognized that Mr. McManis's violations of his supervised release were not "egregious" when viewed in isolation. Tr. of Supervised Release Hr'g ("Sup. Rel. Hr'g") at 12; R. Vol. III at 15. Nonetheless, when "put . . . in context . . . the shape of the things

changes a little bit." Id. When viewed as a whole, as the government states, Mr. McManis's conduct "demonstrated a disturbing pattern of deception and arrogance." Appellee's Br. at 6. The court recounted Mr. McManis's history of being discharged from the military for his involvement in a "prescription drug deal." Tr. of Sup. Rel. Hr'g at 13; R. Vol. III at 16. Even though he was placed on probation for that offense, the court noted that Mr. McManis did not alter his conduct, but rather "start[ed] selling . . . powder cocaine . . on the military base." Id. The district court further recounts that Mr. McManis:

> continues to, while he is on probation from the state and on bond
> here, he is having hot UAs and having problems. A warrant is issued
> for his arrest, and he is brought into custody here, and he comes at
> sentencing and he gets a break, just as he did in the state. It's
> probation. Here he gets a split. . . . Within a couple of months [in
> the halfway house], he is committing every violation conceivable.

Id. As the district court goes on to state, Mr. McManis's "approach to things is, I'm just going to thumb my nose at you," and "he has blown off anybody and everybody who stuck their hand out in an offer to try and get him on the right path." Id. The court summed up its analysis as follows:

> There is an abject consistency to [Mr. McManis's] conduct from
> before, all the way up to now, and the message that flows from that
> conduct is, I'm going to do what I damn well please, and – because
> nothing really bad is going to happen to me, and if five months didn't
> get the message through to him the last time, I'm not going to sit
> here and pretend that six months is going to get the message through
> to him.

Id. at 14; R. Vol. III at 17.

Thus, while Mr. McManis's underlying crime of selling powder cocaine was not necessarily as serious as other possible crimes, and even his particular violations of supervised release were unexceptional, the court considered the totality of Mr. McManis's history, conduct and attitude. As we have stated numerous times, "[t]he violation of a condition of supervised release is a breach of trust and, while the sentencing court at revocation takes into account the seriousness of the underlying crime, it is primarily the breach of trust that is sanctioned." United States v. Contreras-Martinez, 409 F.3d 1236, 1241 (10th Cir. 2005) (citing U.S.S.G. Ch. 7, pt. A, introductory cmt.); see Vigil, 696 F.3d at 1002 ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). The district court accordingly sentenced Mr. McManis to fourteen months, stating that "I'm going to get your attention, because I think I need to. I think you are young. I think you have got a life in front of you. If you choose to have one." Tr. of Sup. Rel. Hr'g at 26; R. Vol. III at 29. We therefore perceive nothing unreasonable in the district court's sentence of fourteen months despite his lesser sentence for the underlying conviction and his non-egregious supervised release violations.

Mr. McManis also argues the district court imposed an unreasonable sentence because it failed to accord proper weight to his post-traumatic stress syndrome ("PTSD") and his opiate addiction. As the government noted, we have

stated that "[t]he weight a district court assigns to each of the § 3553(a) factors, and the balance it ultimately assesses among them, is not subject to [this court's] de novo review." Martinez, 610 F.3d at 1229. "'[A]s long as the balance struck by the district court among the factors set out in § 3553(a) is not arbitrary, capricious, or manifestly unreasonable, we must defer to that decision even if we would not have struck the same balance in the first instance.'" Id. (quoting United States v. Sells, 541 F.3d 1227, 1239 (10th Cir. 2008)).

The record makes it clear that the district court was aware of Mr. McManis's PTSD and his addiction. But the court also noted that Mr. McManis had "blow[n] off" possible PTSD treatment while he was in the military. Tr. of Sup. Rel. Hr'g at 12; R. Vol. III at 15. The court similarly acknowledged Mr. McManis's addiction, but again stated that he had "blown off anybody and everybody who stuck their hand out in an offer to try and get him on the right path." Id. at 13; R. Vol. III at 16. The court did not ignore or fail to consider Mr. McManis's PTSD and addiction; rather, it simply weighed them in a manner with which Mr. McManis disagrees. That is insufficient to convince us that the sentence imposed is unreasonable.

**CONCLUSION**

For the foregoing reasons, we AFFIRM the sentence in this case.


ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge