FILED
United States Court of Appeals
Tenth Circuit

January 9, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
———————————————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DOMINIQUE LEE BOYLES,

    Defendant - Appellant.

No. 19-3096
(D.C. No. 5:12-CR-40127-DDC-1)
(D. Kan.)

———————————————

**ORDER AND JUDGMENT**[*]
———————————————

Before **LUCERO**, **PHILLIPS**, and **EID**, Circuit Judges.
———————————————

Dominique Boyles appeals the district court's revocation of his supervised release and its imposition of a sentence of fourteen months' imprisonment. His counsel moves for leave to withdraw in a brief filed pursuant to Anders v. California, 386 U.S. 738 (1967). Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss the appeal and grant counsel's motion to withdraw.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

In 2014, Boyles pled guilty to being a felon in possession of a firearm and received a sentence of 57 months' imprisonment and three years of supervised release. His term of supervised release began in January 2017. After Boyles failed drug tests and violated the rules of a halfway house and drug-treatment program in which he was required to participate, the probation office filed a petition to revoke his supervised release. The district court sentenced him to two additional years of supervised release. In February 2019, the probation office again filed a petition to revoke Boyles' supervised release, alleging he tested positive for marijuana, failed to follow the rules of a treatment program and halfway house, and failed to maintain employment.

At a revocation hearing, the probation officer testified that Boyles tested positive for marijuana on several occasions, repeatedly violated the rules of his treatment program and halfway house by missing numerous mental health treatment appointments, and voluntarily terminated his employment without giving the required notice to his probation officer. The district court found that Boyles had violated the terms of his supervised release and that Grade C was the highest-grade violation. Based on Boyles' category III criminal history, the policy statements in Chapter 7 of the Sentencing Guidelines recommend a term of imprisonment of five to eleven months. U.S.S.G. § 7B1.4(a). The applicable statutory maximum term of imprisonment is two years. 18 U.S.C. § 3583(e)(3). The court sentenced Boyles to

fourteen months' imprisonment, with no term of supervised release. Boyles timely appealed.

**II**

If an attorney concludes after conscientiously examining a case that any appeal would be frivolous, he may so advise the court and request permission to withdraw. See Anders, 386 U.S. at 744. In conjunction with such a request, counsel must submit a brief highlighting any potentially appealable issues and provide a copy to the defendant. Id. The defendant may then submit a pro se brief. Id. If the court determines that the appeal is frivolous upon careful examination of the record, it may grant the request to withdraw and dismiss the appeal. Id. In this case, counsel provided a copy of the Anders brief to Boyles, but a pro se brief was not filed.

Counsel's Anders brief discusses the revocation of Boyles' supervised release. We review a revocation of supervised release for abuse of discretion. See United States v. Metzener, 584 F.3d 928, 932 (10th Cir. 2009). We agree with counsel that any challenge to the revocation of Boyles' supervised release is frivolous. The district court complied with the procedures for revoking supervised release set forth in Fed. R. Crim. P. 32.1. Further, the court made specific findings based on uncontroverted evidence that Boyles committed multiple violations of the terms of his supervised release.

The Anders brief also considers Boyles' sentence. "In reviewing a sentence imposed after revocation of supervised release, we review the district court's factual findings for clear error and its legal conclusions de novo. We will not reverse a

sentence following revocation of supervised release if the record establishes the sentence is reasoned and reasonable." United States v. Handley, 678 F.3d 1185, 1188 (10th Cir. 2012) (citation and quotation omitted). "[A] reasoned sentence is one that is procedurally reasonable; and a reasonable sentence is one that is substantively reasonable." United States v. McBride, 633 F.3d 1229, 1232 (10th Cir. 2011) (quotations omitted). "Procedural review asks whether the sentencing court committed any error in calculating or explaining the sentence." United States v. Alapizco-Valenzuela, 546 F.3d 1208, 1214 (10th Cir. 2008). "Substantive review involves whether the length of the sentence is reasonable given all the circumstances of the case in light of" the statutory factors. Id. at 1215 (quotation omitted).

We agree with counsel that the district court correctly determined Boyles' Guidelines range and statutory maximum. Although the court varied from Boyles' Guidelines range, we have held that "a sentence in excess of that recommended by the Chapter 7 policy statements will be upheld if it can be determined from the record to have been reasoned and reasonable." United States v. Cordova, 461 F.3d 1184, 1188 (10th Cir. 2006) (quotation omitted). The court must consider the Chapter 7 policy statements and some of the factors listed in 18 U.S.C. § 3553(a). See Cordova, 461 F.3d at 1188; see also 18 U.S.C. § 3583(e). It "is not required to consider individually each factor listed in § 3553(a), nor is it required to recite any magic words" to show it considered the factors. Cordova, 461 F.3d at 1189 (quotation omitted).

4

In this case, the district court stated that it had considered the Chapter 7 policy statements, the nature and circumstances of Boyles' violations, his characteristics, and the sentencing objectives underlying the federal statute. The court also expressly noted that the revocation was based on a "larger pattern" of violations. At the revocation hearing, the court heard and considered extensive testimony and argument regarding the violations and the sentence. We agree with counsel that the court's imposition of a sentence of fourteen months' imprisonment was reasoned and reasonable.

Finally, our independent review of the record has not uncovered any other potentially meritorious issues.

## III

For the foregoing reasons, we **GRANT** counsel's request to withdraw and **DISMISS** the appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge

5