FILED
**United States Court of Appeals**
**Tenth Circuit**

**June 16, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

MARCUS DEWAYNE OAKES,

　　Defendant - Appellant.

No. 21-6147
(D.C. Nos. 5:10-CR-00154-F-3 &
5:09-CR-00081-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Marcus Dewayne Oakes appeals the district court's imposition of a 5-month

term of imprisonment in connection with the revocation of his term of supervised

release. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the sentence.

## I.　BACKGROUND

In 2009 and 2011, the district court sentenced Mr. Oakes to terms of

incarceration and supervised release in two unrelated cases. In the first case,

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Mr. Oakes pleaded guilty to using and brandishing a firearm during a crime of violence, and the district court sentenced him to 84 months' imprisonment and a four-year term of supervised release. In the second case, Mr. Oakes pleaded guilty to distributing crack cocaine, and the district court sentenced him to 37 months' imprisonment and a three-year term of supervised release. The district court ordered the second term of imprisonment to run consecutive to the first and ordered the terms of supervised release to run concurrently.

Mr. Oakes's terms of supervised release began on December 5, 2018. Mr. Oakes's probation officer notified the district court that Mr. Oakes violated conditions of supervision on six separate occasions. The violations largely revolved around Mr. Oakes's continued marijuana usage. On October 13, 2021, Mr. Oakes's probation officer submitted identical petitions in both cases for a warrant or summons to revoke Mr. Oakes's supervised release. The probation officer alleged two violations: (1) Mr. Oakes submitted seven urine samples that tested positive for marijuana throughout 2021 and admitted to using marijuana and (2) Mr. Oakes submitted three diluted urine specimens in 2021 and failed to submit twelve urine specimens as required by the terms of supervised release. The district court authorized the issuance of summons in both cases and held a consolidated revocation hearing. The United States Sentencing Guidelines ("Guidelines") range for violating the conditions of supervised release in the first case was 5–11 months' imprisonment and a three-year term of supervised release. For violating the conditions of supervised release in the second case, the Guidelines range was 7–13 months'

2

imprisonment and a three-year term of supervised release. Pursuant to 18 U.S.C.
§ 3583(g)(3)–(4), revocation was mandatory because Mr. Oakes submitted positive
urine specimens and failed to provide urine specimens entirely on several occasions.
The probation officer recommended 7 months' incarceration and a two-year term of
supervised release.

At the revocation hearing, the district court heard argument from both parties
regarding the appropriate disposition. Mr. Oakes's counsel discussed Mr. Oakes's
medical history at length and highlighted ongoing complications from a previous
surgical procedure. Mr. Oakes himself addressed the court and explained his
marijuana usage largely related to pain from those ongoing medical issues.

Following argument, the district court explained, "I am going to, if you will,
bend over backwards and impose a sentence of incarceration at the bottom of the
guideline range, which is a sentence of five months of incarceration to be followed
by 24 months of supervised release," a sentence that the district court stated was
"sufficient but not greater than necessary to achieve the statutory objectives of
sentencing." ROA Vol. III at 17. In explaining its decision, the district court noted
Mr. Oakes's "extraordinarily serious" criminal history as well as his previous
violations of supervised release. *Id.* at 18. Specifically, the district court explained,
"if Mr. Oakes' underlying offenses were not related to drugs or violence, then I might
be much more inclined just to wash my hands of the matter today[;] . . . [h]owever,
the two underlying instant offenses that I've got are extraordinarily serious," and
"[a]lso in the mix is the approximately six previous notifications that have come to

3

the [c]ourt" from probation regarding other violations. *Id.* at 18. The district court then stated, "I take into account all of the Section 3553 factors as well as the breach of trust inherent in a violation of supervised release," before imposing the 5-month sentence. *Id.* at 19.

Following the district court's revocation of Mr. Oakes's supervised release and imposition of a sentence, counsel for Mr. Oakes explained Mr. Oakes required additional surgery. The district court ordered Mr. Oakes to self-surrender following the surgery, approximately three months after the revocation hearing. Mr. Oakes filed a timely notice of appeal.

## II.     DISCUSSION

"We will not reverse a sentence following revocation of supervised release if the record establishes the sentence is reasoned and reasonable." *United States v. Handley*, 678 F.3d 1185, 1188 (10th Cir. 2012) (internal quotation marks omitted). A reasoned sentence "is one that is procedurally reasonable," while a reasonable sentence "is one that is substantively reasonable." *United States v. McBride*, 633 F.3d 1229, 1232 (10th Cir. 2011) (internal quotation marks omitted). Procedural review "asks whether the sentencing court committed any error in calculating or explaining the sentence," while substantive review "involves whether the length of the sentence is reasonable given all the circumstances." *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1214–15 (10th Cir. 2008) (quotation marks omitted). We review sentences for reasonableness under a deferential abuse of discretion standard. *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008).

4

On appeal, Mr. Oakes argues the district court "failed to give full consideration and weight to all of the 18 U.S.C. § 3553 factors, specifically including but not limited to § 3553(a)(2)(D), as well as any consideration of 18 U.S.C. § 3582 which prohibits imposing imprisonment to promote rehabilitation." Appellant Br. at 6. Specifically, Mr. Oakes argues the district court (1) "ignored Congress' mandate to provide him with the needed medical care and correctional treatment in the most effective manner," (2) imposed a sentence of incarceration when "imprisonment is not an appropriate means of promoting his correction and rehabilitation," (3) failed to consider the availability of appropriate substance abuse programs, and (4) imposed a sentence of incarceration "which was greater than necessary in this case." *Id.* at 9, 11, 13–14. Because the sentence was both reasoned and reasonable, however, we affirm.[1]

Mr. Oakes did not object to his sentence on procedural grounds at sentencing, nor does he raise a plain error argument on appeal. *See United States v. Wireman*, 849 F.3d 956, 961–62 (10th Cir. 2017) (explaining a defendant must "contemporaneously object in the district court to the method by which the district court arrived at a sentence" in order "to avoid plain error review on appeal of any alleged procedural flaw"). Because he does not make a plain error argument at all on appeal, he has waived plain error review of any procedural reasonableness claim. *See United States v. Fagatele*, 944 F.3d 1230, 1239 (10th Cir. 2019) (explaining this

---

[1] It is not clear from Mr. Oakes's brief whether he is challenging his sentence on procedural or substantive reasonableness grounds. We therefore address both the procedural and substantive reasonableness of the sentence.

court may consider a plain error argument in a criminal case if raised in a reply brief); *see also United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019) ("When an appellant fails to preserve an issue and also fails to make a plain-error argument on appeal, we ordinarily deem the issue waived."). Regardless, the sentence imposed was procedurally reasonable.

Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court did not fail to calculate or improperly calculate the Guidelines range, nor did it treat the Guidelines as mandatory. The district court explained its decision was based on Mr. Oakes's prior criminal history and previous supervised release violations, and there is no evidence these conclusions were based on erroneous facts. The district court also explicitly stated it considered the § 3553(a) factors throughout its discussion of Mr. Oakes's personal circumstances and history and the nature of his criminal offenses and supervised release violations. The sentence was therefore procedurally reasonable.

In addition, looking to "all the circumstances" in light of the factors set forth in 18 U.S.C. § 3553(a), we conclude the sentence was substantively reasonable. *Alapizco-Valenzuela*, 546 F.3d at 1214 (quotation marks omitted). A within-Guidelines sentence such as this one is presumptively reasonable. *United States v. Gambino-Zavala*, 539 F.3d 1221, 1232 (10th Cir. 2008). In reaching its

6

sentencing decision, the district court explicitly considered the two underlying instant offenses, which it described as "extraordinarily serious," as well as "the approximately six previous notifications that have come to the [c]ourt" regarding other violations. ROA Vol. III at 18. The district court then stated, "I take into account all of the Section 3553 factors as well as the breach of trust inherent in a violation of supervised release." *Id.* at 19. Given Mr. Oakes's past criminal history and continued violations of his supervised release, the district court's decision to impose a sentence at the low-end of the Guidelines recommendation was not outside the realm of "rationally permissible choices." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007).

While the district court might have weighed the § 3553(a) factors differently, Mr. Oakes has not shown that the district court's sentence was substantively unreasonable—only that he wishes it had reached a different conclusion by putting more weight on certain factors such as his physical health and need for rehabilitation.[2] And in this case, as in many cases, there is a "range of possible outcomes the facts and law at issue can fairly support," but we "defer to the district court's judgment so long as it falls within the realm of rationally available choices." *Id.* The district court's sentence is substantively reasonable because it fell within the

---

[2] To the degree that Mr. Oakes argues the district court did not properly consider his medical needs, this is unsubstantiated by the record. The district court heard testimony and argument on Mr. Oakes's medical condition and even deferred his appearance to serve his sentence for three months to allow him the opportunity to have a necessary surgery.

range of permissible sentencing choices and was supported by a consideration of § 3553(a) factors, specifically Mr. Oakes's criminal history and repeated violations of supervised release.

### III.  CONCLUSION

For these reasons, we AFFIRM the sentence.

Entered for the Court

Carolyn B. McHugh
Circuit Judge