**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**July 18, 2025**

_____

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER FREDERICK,

Defendant - Appellant.

No. 24-5099
(D.C. No. 4:21-CR-00263-JFH-1)
(N.D. Okla.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **BACHARACH**, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

After Christopher Frederick repeatedly violated the terms of his supervised release, the district court sentenced him to 24 months in prison and a lifetime of supervised release. Frederick argues his sentence exceeds the maximum allowed by law and is substantively unreasonable. Because neither Frederick's prison sentence nor his lifetime term of supervised release exceed the applicable statutory

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

maximums, and because the length of his sentence is not substantively unreasonable, we affirm.

## Background

In 2006, Frederick was convicted in Arkansas for the rape of a child. Based on that conviction, he was required to register as a sex offender when released from prison in 2020. But when Frederick moved to Oklahoma, he failed to do so, later pleading guilty to one count of failure to register as a sex offender in violation of 18 U.S.C. § 2250(a). In April 2022, the district court sentenced Frederick to 21 months in prison and five years of supervised release.

Frederick began serving this term of supervised release in January 2023. Five months later, he violated its terms by assaulting another resident at his halfway house. After Frederick admitted to the violation, the district court sentenced him to 11 months in prison and 24 months of supervised release. The court also imposed a special condition prohibiting Frederick from having contact with minors unless approved by his probation officer; if unauthorized contact occurred, the special condition required Frederick to immediately report it.

Less than a week into his second term of supervised release, Frederick violated this condition. He invited two children to his hotel room to eat pizza and then lied to his probation officer about the unauthorized contact.

During the revocation hearing, Frederick stipulated only to offering pizza to the minors. Defense counsel argued that Frederick never invited the children into his room and only offered the pizza to them—and, defense counsel emphasized, to

several adults—because he didn't want it to go to waste. Defense counsel described the incident as a "lapse in judgment" and asked that the court consider Frederick's mental-health issues when sentencing him. R. vol. 3, 15.

In imposing a revocation sentence, the district court noted that Frederick lied to his probation officer when asked about the incident, which "doesn't bode well for whatever [Frederick's] intent was." *Id.* at 18. In the court's view, Frederick "ha[d] shown disregard for the rules and conditions of supervised release." *Id.* at 19. The court also expressed concern that Frederick's behavior "put[] the public in jeopardy" and "put[] minor children in a severe risk being around [him]." *Id.* Departing upward from the United States Sentencing Guidelines (U.S.S.G. or the Guidelines), the district court sentenced Frederick to 24 months in prison and a lifetime term of supervised release.

Frederick appeals.

## Analysis

Frederick contends his sentence exceeds the maximum allowed by law and is substantively unreasonable. We consider each challenge in turn.

## I.    Legality

Frederick contends that his 24-month prison sentence and lifetime term of supervised release exceed the applicable statutory maximums. This is a legal question we review de novo. *See United States v. Handley*, 678 F.3d 1185, 1188–89 (10th Cir. 2012).

3

When a defendant violates a condition of supervised release, the governing statute limits both the term of imprisonment and the term of supervised release a district court can impose. 18 U.S.C. § 3583(e)(3), (h). "[Section] 3583(e)(3) imposes a statutory maximum prison term based on the original criminal offense for which the defendant was convicted." *United States v. Collins*, 859 F.3d 1207, 1210 (10th Cir. 2017). With a class C felony like Frederick's underlying failure to register, the maximum prison term upon revocation is two years.[1] § 3583(e)(3). And for supervised release following a revocation, the new term "shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." § 3583(h). For Frederick's failure-to-register offense, the statutory maximum term of supervised release is life. § 3583(k).[2]

Neither Frederick's prison sentence nor his lifetime term of supervised release exceeds the statutory maximums. His 24-month prison sentence plainly falls within the two-year maximum set out in § 3583(e)(3). And to the extent Frederick suggests

---

[1] Frederick's offense is a class C felony because the maximum prison term under § 2250(a) for failure to register is ten years. *See* 18 U.S.C. § 3559(a)(3) (classifying offenses with authorized maximum prison terms of "less than twenty-five years but ten or more years" as class C felonies).

[2] The Supreme Court invalidated a portion of § 3583(k), which mandated a five-year minimum prison sentence for certain release violations, as unconstitutional. *United States v. Haymond*, 588 U.S. 634 (2019). But we have recognized, albeit in an unpublished opinion, that the first sentence of § 3583(k), applicable here, remains viable. *United States v. Periard*, 846 F. App'x 633, 636 (10th Cir. 2021). We consider this unpublished authority persuasive. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

that he can be sentenced to no more than two years of imprisonment—cumulatively—for violating multiple terms of supervised release, he is incorrect. *See United States v. Hernandez*, 655 F.3d 1193, 1195–96 (10th Cir. 2011) (holding that § 3583(e)(3) plainly authorizes maximum revocation sentence for *each* supervised-release revocation).

Next, Frederick's lifetime term of supervised release does not exceed the statutorily authorized lifetime term. *See* § 3583(k). Though § 3583(h) requires us to subtract any previously imposed revocation sentences, we cannot, as a practical matter, subtract years from a sentence of life. *See United States v. Rausch*, 638 F.3d 1296, 1303 (10th Cir. 2011) (explaining impossibility of subtracting definite terms of imprisonment from indefinite lifetime term of supervised release), *overruled on other grounds by United States v. Bustamante-Conchas*, 850 F.3d 1130, 1137 (10th Cir. 2017).

To be sure, because Frederick's underlying offense carries a potential for a lifetime term of supervised release, he will be subject to "an endless cycle of prison and supervised release." Aplt. Br. 4; *cf. also Hernandez*, 655 F.3d at 1198 & n.* (discussing and rejecting similar argument from defendant whose underlying limited term of supervised release functionally put an end to such a cycle). But § 3583 plainly authorizes such a cycle when the underlying offense can be punished with a lifetime term of supervised release. *See United States v. Bruley*, 15 F.4th 1279, 1283–84 (10th Cir. 2021) ("It is the legislature's prerogative to decide whether some convictions should carry the potential of a lifetime of supervised release, even though

habitual violators of supervised release could be stuck in a cycle of successive revocations."). Thus, Frederick's revocation sentence is not illegal.

## II. Substantive Reasonableness

Frederick next argues his above-Guideline sentence is substantively unreasonable. "Substantive review 'involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a).'" *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1215 (10th Cir. 2008) (quoting *United States v. Conlan*, 500 F.3d 1167, 1169 (10th Cir. 2007)). We review the substantive reasonableness of sentences for abuse of discretion. *Id.* at 1214.

"In imposing a sentence following revocation of supervised release, a district court is required to consider both Chapter 7's policy statements, as well as a number of the factors provided in 18 U.S.C. § 3553(a)."[3] *United States v. Cordova*, 461 F.3d 1184, 1188 (10th Cir. 2006) (cleaned up). "[A] court does not need to find severe or exceptional circumstances to impose a sentence above the range suggested in the Chapter 7 policy statements, which are not mandatory and even less compelling than established Guidelines." *United States v. Vigil*, 696 F.3d 997, 1002–03 (10th Cir. 2012). And we "give due deference to the district court's decision that the § 3553(a)

---

[3] "Those factors include: the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence[ and] protect the public," and the "pertinent" Guidelines and policy statements. *United States v. Contreras-Martinez*, 409 F.3d 1236, 1242 n.3 (10th Cir. 2005).

factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Here, Frederick's Guidelines imprisonment range for the supervised-release violation was five to 11 months. The district court imposed a sentence of 24 months, which is three months longer than his original sentence for failing to register, as well as a lifetime term of supervised release. Frederick argues that this above-Guidelines sentence is substantively unreasonable because the district court "ignored numerous factors and chose an extremely harsh punishment" based on a "manifestly unreasonable set of bases." Aplt. Br. 9.

We disagree. The district court tied its variance to several relevant § 3553(a) factors, explaining that varying upward to § 3583(e)(3)'s maximum 24 months would "provide an adequate deterrent to [Frederick] as well as others and provide protection for the public which is drastically needed." R. vol. 3, 20. In support, the district court emphasized Frederick's repeated violations of his conditions of supervised release, including his failure to abide by one of the most important: no contact with minors. The district court also reasonably took issue with Frederick lying to his probation officer. *Id.* at 18. This explanation certainly "justif[ies] the extent of the variance." *Gall*, 552 U.S. at 51.

Frederick also argues that his age, mental health, housing instability, and compliance "in significant fashion" with the terms of release merited a shorter sentence. Aplt. Br. 8. Yet the district court had those facts before it, and "[w]e do not reweigh the sentencing factors but instead ask whether the sentence fell within the

range of rationally available choices that facts and the law at issue can fairly support." *United States v. Henson*, 9 F.4th 1258, 1297 (10th Cir. 2021) (cleaned up) (quoting *United States v. Blair*, 933 F.3d 1271, 1274 (10th Cir. 2019)). Because Frederick's argument on this front improperly asks us to reweigh the § 3553(a) factors, we reject it.

In sum, the district court considered the nature and circumstances of the offense, the violation, and Frederick's history and characteristics when determining Frederick's sentence. No more was required, and the district court did not abuse its discretion in imposing Frederick's sentence.

## Conclusion

We affirm because Frederick's sentence neither exceeds the applicable statutory maximums nor is substantively unreasonable.

Entered for the Court

Nancy L. Moritz
Circuit Judge